1  MARK P. WINE (SBN 189897)
   mwine@orrick.com
2  MICHAEL C. CHOW (SBN 273912)
   mwchow@orrick.com
3  JAMES MAUNE (SBN 293923)
   jmaune@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2050 Main Street
5  Suite 1100
   Irvine, California 92614-8255
6  Telephone: +1-949-567-6700
   Facsimile: +1-949-567-6710
7
   WILL MELEHANI (SBN 285916)
8  wmelehani@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  The Orrick Building
   405 Howard Street
10 San Francisco, California 94105-2669
   Telephone: +1-415-773-5577
11 Facsimile: +1-415-773-5759

12 Attorneys for Plaintiff
   HANGZHOU CHIC INTELLIGENT
13 TECHNOLOGY CO., LTD.

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16

17 HANGZHOU CHIC INTELLIGENT          Case No. 2:16-CV-06359
   TECHNOLOGY CO., LTD.,
18                                    **COMPLAINT FOR DAMAGES**
              Plaintiff,             **AND INJUNCTIVE RELIEF FOR**
19                                    **PATENT INFRINGEMENT**
         v.                          **(35 U.S.C. § 271)**
20
   RAZOR USA LLC,
21
              Defendant.
22

23

24

25

26

27

28
                                     COMPLAINT FOR DAMAGES AND
                                     INJUNCTIVE RELIEF FOR PATENT
                                     INFRINGEMENT [35 U.S.C. § 271]

Plaintiff Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") complains and alleges as following against Defendant Razor USA LLC ("Razor").

## INTRODUCTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 et seq.

2.     Chic owns exclusive rights in the invention claimed in United States Patent No. 9,376,155 (Exhibit 1, the "'155 patent"), issued on June 28, 2016.  The patent claims an electric balance vehicle.

3.     Razor has infringed and continues to infringe the claimed subject matter of both the '155 patent without Chic's permission in connection with hoverboards that Razor makes, uses, offers for sale, sells, and/or imports into the United States.

4.     Chic seeks, among other relief, an injunction preventing Razor from further infringing Chic's '155 patent, and damages caused by Razor's patent infringement.

## PARTIES

5.     Plaintiff Chic is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at 2/F, No. 2 Building, Liangzhu University, Science and Technology Park, No. 1 Jingyi Road, Liangzhu, Hangzhou, 311112, People's Republic of China.

6.     Chic is a high-tech company that is supported by Zhejiang University Ministry of Education Computer Aided Product Innovation Design Engineering Center; Zhejiang University International Design; and Zhejiang Key Laboratory of Service Robot.  Chic manufactures several products including the Chic Smart S1 hoverboard.  Chic has been assigned 70 authorized patents for its hoverboard technology and design in different regions such as China, the United States, the European Union, and Canada.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

7.     Defendant Razor is a privately-held, limited liability company organized and existing under the laws of Delaware with its principal place of business at 12723 166th Street, Cerritos, California 90703.

## JURISDICTION

8.     Jurisdiction in this Court arises under the patent laws of the United States, Title 35, of United States Code.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.     This Court has personal jurisdiction over Razor at least because Razor has committed one or more of the infringing acts complained herein in California and in this district, Razor's principal place of business is located in this district, and Razor conducts regular business in California and in this district.

10.     Venue in this Court is proper under the provisions of 28 U.S.C. § 1400(b), as Razor has committed acts of patent infringement in this district.  Venue is further proper under 28 U.S.C. §§ 1391 (b) and (c) because a substantial part of the claims arose in this district.

## FACTUAL ALLEGATIONS

11.     Chic designs, develops, makes and sells a wide array of personal mobility devices, including the Smart S1 hoverboard and other related hoverboard products.

12.     Chic has made sales of hoverboards in the United States through Chic's domestic distributor.

13.     Chic takes affirmative steps to protect its innovative hoverboard inventions.  In particular, Chic owns various United States patents related to its hoverboards.  Relevant to this dispute, Chic has owned all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the '155 patent from the date the patent was duly and legally issued to Chic.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

**Razor's Hoverboards Infringe The '155 Patent**

14.    U.S. Patent No. 9,376,155 (the "'155 patent") is entitled "Electric Balance Vehicle" and was duly and legally issued by the United States Patent and Trademark Office to Chic on June 28, 2016.

15.    At all times since the date of issuance of the '155 patent, Chic has been, and currently is, the exclusive owner of the entire right, title and interest in and to the '155 patent.  Chic's ownership of the '155 patent includes, without limitation, the exclusive right to enforce the '155 patent, the exclusive right to file actions based on infringement of the '155 patent, the exclusive right to recover damages or other monetary amounts for infringement of the '155 patent and the exclusive right to be awarded injunctive relief pertaining to the '155 patent.  Chic has owned the '155 patent at all times during Razor's infringement of the '155 patent.

16.    The '155 patent is presumed to be valid.

17.    The '155 patent covers an electric balance vehicle comprising a top cover comprising a first top cover and a second top cover disposed symmetrically and rotatable relative to each other; a bottom cover fixed to the top cover, the bottom cover comprising a first bottom cover and a second bottom cover disposed symmetrically and rotatable relative to each other; an inner cover fixed between the top cover and the bottom cover, the inner cover comprising a first inner cover and a second inner cover disposed symmetrically and rotatable relative to each other; a rotating mechanism fixed between the first inner cover and the second inner cover; two wheels rotatably fixed at two sides of the inner cover, respectively; two hub motors fixed in the two wheels, respectively; a plurality of sensors disposed between the bottom cover and the inner cover; a power supply fixed between the first bottom cover and the first inner cover; and a controller fixed between the second bottom cover and the second inner cover, wherein the controller is

- 4 -

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

1  electrically connected with the plurality of sensors, the power supply, and the hub

2  motors, and the controller controls the hub motors to drive the corresponding

3  wheels to rotate according to sensing signals transmitted by the sensors.

4      18.    Without Chic's authorization, Razor has made, used, sold, offered to

5  sell, and/or imported into the United States hoverboards that infringe the '155

6  patent.  The infringing hoverboards include at least the Razor products identified by

7  the model names Hovertrax, Hovertrax DLX, and Hovertrax 2.0, and related or

8  similar products (the "Infringing Hoverboards").

9      19.    The Infringing Hoverboards include a top cover comprising a first top

10 cover and second top cover disposed symmetrically and rotatable relative to each

11 other.  *See* Hovertrax 2.0 Owner's Manual, pg. 12 (part nos. 3 and 4).  The

12 following image of the Razor 2.0 product displays the claimed top cover.  The other

13 Infringing Hoverboards also feature a substantially similar top cover.



14

15

16

17

18

19

20

21

22

23     20.    The Infringing Hoverboards include a bottom cover fixed to the top

24 cover, the bottom cover comprising a first bottom cover and a second bottom cover

25 disposed symmetrically and rotatable relative to each other.  *See* Hovertrax 2.0

26 Owner's Manual, pg. 12 (part nos. 10 and 12).  The following image of the Razor

27 2.0 product displays the claimed bottom cover.  The other Infringing Hoverboards

28

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

feature a substantially similar bottom cover as well.



21.    The Infringing Hoverboards include an inner cover fixed between the top cover and the bottom cover, the inner cover comprising a first inner cover and a second inner cover disposed symmetrically and rotatable relative to each other.  *See* Hovertrax 2.0 Owner's Manual, pg. 12 (unnumbered parts presented between the wheels).  The following image of the Razor 2.0 product displays the claimed inner cover.  The other Infringing Hoverboards also feature a substantially similar inner cover.



COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

22.    The Infringing Hoverboards include a rotating mechanism fixed between the first inner cover and the second inner cover.  *See* Hovertrax 2.0 Owner's Manual, pg. 12 (unnumbered part presented at the midpoint between the wheels).  The following image of the Razor 2.0 product depicts the rotating mechanism.  The other Infringing Hoverboards feature a substantially similar rotating mechanism.



23.    On information and belief, the Infringing Hoverboards include two hub motors fixed in the two wheels, respectively.  *See* Hovertrax 2.0 Owner's Manual, pg. 12 (describing parts no. 9 as "Wheel w/ Hub Motor").  On information and belief, the other Infringing Hoverboards feature substantially similar wheels and hub motors.

24.    On information and belief, the Infringing Hoverboards include a plurality of sensors disposed between the bottom cover and the inner cover.  On information and belief, the following image of the Razor 2.0 product depicts the sensors.  On information and belief, the other Infringing Hoverboards feature substantially similar sensors.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

1
2
3
4
5
6
7
8
9
10
11



12   25.    The Infringing Hoverboards contain a power supply fixed between the

13   first bottom cover and the first inner cover.  *See* Hovertrax 2.0 Owner's Manual, pg.

14   12 (part no. 13).  The following image of the Razor 2.0 product depicts the battery,

15   acting as the claimed power supply.  The other Infringing Hoverboards also feature

16   a substantially similar battery positioned similarly.

17
18
19
20
21
22
23
24
25
26
27



28

- 8 -

OHSUSA:765719310.2

26.     On information and belief, the Infringing Hoverboards contain a
controller fixed between the second bottom cover and the second inner cover,
wherein the controller is electrically connected with the plurality of sensors, the
power supply, and the hub motors, wherein the controller controls the hub motors
to drive the corresponding wheels to rotate according to sensing signals transmitted
by the sensors.  On information and belief, the controller is depicted in the
Hovertrax 2.0 Owner's Manual.  *See* Hovertrax 2.0 Owner's Manual, pg. 12 (part
no. 6).  According to the Hovertrax 2.0 Owner's Manual, the Hovertrax interprets
the angle of the foot relative to the ground as instructions that drive the hub motors.
*Id*. pg. 6, 9.  On information and belief, the signal originates from the sensors, is
processed by the controller, and results in motion from the hub motors.  On
information and belief, the following image of the Razor 2.0 product depicts the
battery, acting as a power supply.  On information and belief, the other Infringing
Hoverboards feature a controller offering substantially similar functionality as well.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

**Razor's Infringing Conduct**

27.     Razor has infringed and continues to infringe Chic's '155 patent within the meaning of 35 U.S.C. § 271 at least by making, using, selling, offering to sell, and/or importing the Infringing Hoverboards into the United States without Chic's authorization.

28.     Razor sells and offers to sell the Infringing Hoverboards directly to end-user customers in the United States, including California.  Third-party resellers also sell and offer to sell the Infringing Hoverboards in the United States, including California.

29.     Razor has sold, and continues to sell and offer to sell, its Infringing Hoverboards directly to end-user customers through its e-commerce website (http://shop.razor.com/Hovertrax-Board/) (last accessed August 24, 2016) as well as to third-party resellers, such as box chain and specialty stores, and through its wholesale distribution channels.

30.     Razor continues to import Infringing Hoverboards into the United States and this district.

31.     Neither Razor nor any of its suppliers are authorized licensees of the '155 patent.

32.     Razor has represented that Zejiang Bosuer Sports Equipment Co., Ltd. ("Bosuer"), a Chinese manufacturer, was a manufacturer and supplier for Razor's hoverboard products.

33.     Chic previously granted Bosuer a license to three Chinese patents: ZL 201420314351.5, ZL 201430180556.4, and ZL 201423015165.3 (collectively the "Chinese Patents").

34.     The Bosuer license is no longer in effect.  Chic terminated the license in accordance with the termination provisions of the license on July 7, 2016, due to Bosuer's breach of the terms of the agreement.

- 10 -

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

# FIRST CAUSE OF ACTION

### (Infringement under 35 U.S.C. § 271 of the Chic '155 patent)

35.     Chic re-alleges and incorporates by reference the allegations set forth in paragraphs 1-34 of this Complaint.

36.     Chic owns the '155 patent.

37     On information and belief, Razor has and continues to directly infringe at least claim 1 of the '155 patent under 35 U.S.C. § 271, within this judicial district and elsewhere, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and importing into the United States the Infringing Hoverboards.

38.     On information and belief, Razor has had notice of Chic's '155 patent since its issuance.  Further, Razor has had notice of the '155 patent and Chic's allegations of infringement since at least August 22, 2016, when Chic filed a Second Amended Complaint in Case No. 2:16-cv-03496-RGK-AJWx.  Razor's continued infringement of the '155 patent is willful.

39.     Neither Razor nor any of its suppliers have a valid license to make, sell or import products practicing the '155 patent.

40.     Due to Razor's infringement of the '155 patent, Chic has suffered, is suffering, and will continue to suffer irreparable injury for which Chic has no adequate remedy at law, including loss of customers, loss of market-share, price erosion, and loss of customer goodwill.  Chic is therefore entitled to a preliminary and permanent injunction against Razor's further infringing conduct.

41.     Chic has been and continues to be damaged by Razor's infringement, including damages in the form of Chic's profits lost due to such infringement.  Chic is therefore entitled to recover damages of no less than a reasonable royalty, all in an amount to be proven at trial.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff Chic prays for relief as follows:

1.      A judgment that Razor has infringed and is infringing the '155 patent;

2.      An order preliminarily enjoining Razor and all persons and entities acting in concert with Razor, from infringing the '155 patent;

3.      An order and judgment permanently enjoining Razor and all persons and entities acting in concert with Razor, from infringing the '155 patent;

4.      A judgment and order requiring Razor to pay Chic its lost profits caused by Razor's infringement of the '155 patent (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284;

5.      A judgment and order requiring Razor to pay Chic any supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

6.      A judgment and order requiring Razor to pay Chic increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

7.      A judgment and order requiring Razor to pay Chic pre-judgment and post-judgment interest on any damages or profits awarded;

8.      A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

9.      An award of Chic's attorneys' fees for bringing and prosecuting this action;

10.      An award of Chic's costs and expenses incurred in bringing and prosecuting this action; and

11.      Such further and additional relief as this Court deems just and proper.

- 12 -

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:765719310.2

1

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 28, Chic hereby demands a jury for all issues so triable.

Dated:       August 24, 2016                     MARK P. WINE
                                                  MICHAEL C. CHOW
                                                  WILL MELEHANI
                                                  JAMES MAUNE
                                                  ORRICK, HERRINGTON &
                                                  SUTCLIFFE LLP


                                                  By:_____ /s/ Mark P. Wine_____
                                                             MARK P. WINE
                                                       Attorneys for Plaintiff
                                                  HANGZHOU CHIC INTELLIGENT
                                                     TECHNOLOGY CO., LTD.

- 13 -

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR PATENT
INFRINGEMENT [35 U.S.C. § 271]